## UNITED STATES of America, Plaintiff–Appellee,

v.

## Leticia Llaguno RODRIGUEZ, Defendant–Appellant.

### No. 10–50300.

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2011.[*]

Filed June 8, 2011.

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Leticia Llaguno Rodriguez appeals from the 42–month sentence imposed following her guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez contends that the district court erred when it applied a 16–level enhancement, under U.S.S.G. § 2L1.2, because her prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal.Penal Code § 288(a), does not qualify as a crime of violence. She contends that *United States v. Medina–Villa*, 567 F.3d 507, 511–16 (9th Cir.2009), holding that a violation of Cal.Penal Code § 288(a) is categorically a crime of violence, is inconsistent with *Estrada–Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir.2008) (en banc). This contention lacks merit. *See United States v. Farmer*, 627 F.3d 416, 421–22 (9th Cir. 2010). Accordingly, we decline Rodriguez's invitation that we seek en banc review of this issue.

Rodriguez also contends that *Nijhawan v. Holder*, 557 U.S. 29, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), effectively overruled *Medina–Villa*. This contention fails.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).